UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAMELA WHITE<br><br>  Plaintiff,<br><br>v.<br><br>SAINT FRANCIS HOSPITAL AND MEDICAL CENTER and TRINITY HEALTH OF NEW ENGLAND CORPORATION, INC. (formerly SAINT FRANCIS CARE, INC.)<br><br>  Defendant. | Civil Action No.:<br><br>Jury Trial Demanded |

**COMPLAINT**

**I. INTRODUCTION**

1. The Plaintiff, PAMELA WHITE (hereinafter, "Plaintiff" or "Ms. White"), brings claims against Saint Francis Hospital and Medical Center and Trinity Health of New England Corporation, Inc. (hereinafter, "Defendants" or "SFH") for employment discrimination in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-51 et seq. to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The Defendants discriminated against Ms. White in employment on the grounds of her disability and refused to provide her a reasonable accommodation of said disability.

2. Ms. White claims a TRIAL BY JURY.

## II. PARTIES

3. Ms. White resides in Springfield, MA and worked in Hartford, Connecticut during the relevant time period.

4. Defendant Saint Francis Hospital and Medical Center is a domestic corporation with its principal place of business in Hartford, Connecticut. SFH is a subsidiary of Trinity Health of New England Corporation, Inc. Saint Francis Hospital and Medical Center can be served via its attorney, David C. Salazar-Austin, Esq. Jackson Lewis P.C. 90 State House Square, 8th Floor Hartford, CT 06103.

5. Defendant Trinity Health of New England Corporation, Inc. (a/k/a Trinity Health of New England) is a domestic corporation with its principal place of business in Hartford, Connecticut. Trinity Health of New England Corporation, Inc. is the parent company of Saint Francis Hospital and Medical Center. Trinity Health of New England Corporation Inc. can be served via its registered agent, CT CORPORATION SYSTEM at 67 Burnside Ave, East Hartford, CT, 06108-3408.

6. At all relevant times, Defendants employed more than 15 employees and were "employers" as defined by the ADA and the CFEPA.

7. At all relevant times, Defendants have conducted and continue to conduct business in the District.

## III. EXHAUSTION OF REMEDIES

8. Ms. White exhausted her administrative remedies by timely filing a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and Equal

Employment Opportunity Commission ("EEOC") on April 11, 2018, which was within 180 days when she was subjected to disability discrimination during her employment.

9. Pursuant to Conn. Gen. Stat. § 46a-100, Ms. White received a release of jurisdiction from CHRO dated June 17, 2020, and this action is brought within 90 days of the release. The EEOC issued its notice of right to sue on July 9, 2020.

10. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 of the United States Code.

## IV.  FACTS

11. Ms. White suffers, and at all relevant times suffered, from a disability within the meaning of the aforesaid statutes. She was diagnosed with Post Traumatic Distress Disorder during her employment by the Defendant, a condition which affects her ability to engage in major life activities.

12. Prior to her termination by Defendant, Plaintiff was employed as a Nurse in St. Francis Hospital's Adult Psychiatric Unit.  Plaintiff was a dedicated employee of St. Francis for nearly 15 years, with a clean disciplinary record.

13. At all times mentioned herein, the defendant was aware of Ms. White's said disability, having been made aware since at least March of 2015.  Plaintiff informed Defendant of her PTSD, which resulted from being assaulted by a patient at the Defendant's hospital. Defendant has documentation of Ms. White's PTSD diagnosis from when she filed a Worker's Compensation claim 2015, and as a result was out of work for three months.

14. On December 27, 2017, Ms. White was subjected to disparate treatment in discipline after an alteration with her non-disabled coworker who physically assaulted Ms. White. Ms. White was terminated but her non-disabled coworker was not.

15. Ms. White's requests to have her previously known disability accommodated during the disciplinary process were denied, without any good faith effort to engage in an interactive process required to explore reasonable accommodations.

16. Defendant was placed on notice of its legal obligation to consider reasonable accommodations that could help Ms. White in meeting Defendant's conduct and performance standards, but refused to do so. The requested accommodations would not have imposed any undue hardship on Respondent.

17. On December 19, 2017, Ms. White's non-disabled coworker Diana Arsenault became upset with Ms. White for obtaining patient assignments before her. A few minutes later after receiving the assignments, Ms. Arsenault threw the assignment sheet at Ms. White and hit her in the chest area.

18. As the paper fell to the floor, Ms. Arsenault said to Ms. White in a hostile tone, "You better not touch the cancellation book again or write anything next to my name." Ms. White immediately replied, "I will not discuss this with you at this time" and proceeded to walk away from Ms. Arsenault.

19. Ms. White felt depressed and disrespected because Ms. Arsenault threw paper at her, however Ms. White tried to shift her focus back to her work, and proceeded to the medication room to retrieve patients' medications. The medication room is a small enclosed area.

20. Ms. Arsenault approached Ms. White in the medication room and while passing behind her, forcefully nudged Ms. White to the point that she struggled to maintain a balanced footing.

21. Ms. Arsenault also threatened Ms. White by yelling "Move out of My Way, Move out of My Way, Move.., Move.." With her back still turned to Ms. Arsenault, Ms. White replied "I was here first Diana."

22. Ms. White was feeling trapped and isolated due to the small size of the room and Ms. Arsenault aggressive behavior.

23. As anxiety and fearfulness overcame Ms. White, she turned to Ms. Arsenault and grasped her lower arms, looked her in her eyes and emphatically said, "Stop this, Stop this, This has been going on too long, We are friends."

24. Ms. White had no intention or desire to harm Ms. Arsenault. She was simply trying to get her attention and help Ms. Arsenault's understand that her attempts to intimidate Ms. White were completely unnecessary in light of our long standing friendship.

25. During the altercation with Ms. Arsenault, Ms. White had a mental flashback to the patient attack which caused her to suffer from PTSD. Ms. White did not realize until later that her PTSD had been triggered and that she had gripped Ms. Arsenault's arms more firmly than she intended. Ms. White's grip left faint marks on Ms. Arsenault's arms.

26. Although, Ms. White regrets having grabbed Ms. Arsenault's arms, she did not do so with the intent of harming, threatening, intimidating or coercing her.

27. Ironically, Defendant mischaracterized Ms. White's conduct as workplace violence and terminated Plaintiff, but did not terminate Ms. Arsenault for her violent behavior.

28. This constitutes unlawful disparate based on Ms. White's disability, in violation of the Americans with Disabilities Act (ADA).

## VI. LEGAL CLAIMS

### FIRST COUNT
Failure to Reasonably Accommodate in Violation of the
Americans with Disabilities Act 42 U.S.C. §§ 12203 et seq.

29. Ms. White incorporates the preceding paragraphs by reference.

30. Ms. White's medical conditions as described in this Complaint constituted a disability within the meaning of the ADA. 42 U.S.C. § 12101(2).

31. The ADA prohibits discrimination based on disability and defines discrimination as including a failure to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability." 42 U.S.C. §§ 12112(a), 12112(b)(5). Defendant also violated the ADA by disciplining Plaintiff without providing a reasonable accommodation for her previously known disability.

32. The accommodations Plaintiff requested were denied by Defendant, including: 1) consideration of the impact of Plaintiff's known disability on her conduct during its disciplinary process, 2) that Plaintiff no longer be subjected to aggressive behavior by coworkers in small and enclosed spaces, 3) formal counseling from Defendant's Employee Assistance Program regarding how to better respond to aggressive behaviors by coworkers.

33. Defendant has not and cannot articulate any undue hardship preventing the provision of the requested accommodations.

34. Defendants also violated the ADA by failing to engage in any meaningful interactive process to determine what alternative reasonable accommodations could be implemented.

35. Plaintiff did not violate any of Defendant's policies regarding employee behavior and workplace violence. Plaintiff did not use profane language. Plaintiff did not threaten, fight, assault or attempt to intimidate Ms. Arsenault.

36. Defendant's decision to terminate Plaintiff's employment did not consider the full context of what occurred between Plaintiff's and Ms. Arsenault, and how Plaintiff's disability impacted her response to Ms. Arsenault's threatening conduct.

37. Defendant violated Title I of the Americans with Disabilities Act by failing to accommodate Ms. White's known disability.

38. Ms. White suffered damages as a result of Defendant's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

**SECOND COUNT**
Discriminatory Termination Based on Disability in Violation
of the Americans with Disabilities Act 42 U.S.C. §§ 12203 et seq.

39. Ms. White incorporates the preceding paragraphs by reference.

40. Ms. White's medical conditions as described in this Complaint constituted a disability within the meaning of the ADA. 42 U.S.C. §12101(2).

41. Defendant violated Title I of the Americans with Disabilities Act when it discriminatorily terminated Ms. White's employment because of her known disability. 42 U.S.C. 12112(a).

7

42. Ms. White suffered damages as a result of Defendant's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

### THIRD COUNT
Failure to Reasonably Accommodate in Violation of the
Connecticut Fair Employment Practices Act §§ 46a-60(a) (1) and (4)

43. Ms. White incorporates the preceding paragraphs by reference.

44. Ms. White's medical conditions as described in this Complaint constituted a disability within the meaning of the Connecticut Fair Employment Practices Act.

45. Defendants violated the Connecticut Fair Employment Practices Act by failing to accommodate Ms. White's known limitations brought on by her disability.

46. Ms. White suffered damages as a result of Defendant's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

### FOURTH COUNT
Discriminatory Termination Based on Disability in Violation of the
Connecticut Fair Employment Practices Act §§ 46a-60(a) (1) and (4)

47. Ms. White incorporates the preceding paragraphs by reference.

48. Ms. White's medical conditions as described in this Complaint constituted a disability within the meaning of the Connecticut Fair Employment Practices Act.

49. Defendants violated the Connecticut Fair Employment Practices Act when it discriminatorily terminated Ms. White's employment because of her known disability.

50. Ms. White suffered damages as a result of Defendant's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

## VIII.   PRAYER FOR RELIEF

Defendants' above stated actions, policies, practices, customs and usages in unjustly and unlawfully depriving Plaintiff of equal employment opportunities because of Plaintiff's disability, Plaintiff is now suffering and will continue to suffer irreparable injury and has been caused to sustain injuries and damages in the following manner.

(a) Plaintiff has suffered loss of wages as a result of termination from employment.

(b) Plaintiff has been subjected to humiliation, indignity and shame.

(c) Plaintiff has suffered injuries to her physical and mental health and well-being.

(d) Plaintiff has been denied reasonable accommodations.

(e) Plaintiff has been caused to incur legal fees and expenses and will incur additional legal fees in the future.

WHEREFORE Plaintiff, Pamela White, requests the following relief, against Defendants:

A. Compensatory damages,

B. Punitive damages,

C. Declaratory and Injunctive Relief,

D. Attorneys' fees and costs, and

E. Such other and further relief as appears reasonable and just.

A JURY TRIAL IS HEREBY DEMANDED

Respectfully submitted,

By: /s/ Irene Bassock
Irene Bassock  (#16313)
71 Raymond Road
West Hartford, CT 06107
T: 800.218.5719
irene@empowerlegalgroup.com

Arnold J. Lizana (to seek admission pro hac vice)
Law Offices of Arnold J. Lizana III
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
T: 877-443-0999
F: 877-443-0999
alizana@attorneylizana.com